UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARLOS DANIEL PENALOZA VAZQUEZ,

Petitioner,

v.

WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,

Respondent.

No. 1:26-cv-03456-DAD-JDP

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT

(Doc. Nos. 1, 2)

On May 5, 2026, petitioner Carlos Daniel Penaloza Vazquez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges in his petition that: he entered the United States in March 2001; he was convicted of a firearm-related offense for which he served 60 days of his 120-day sentence; on April 3, 2026, petitioner appeared for a routine ICE check-in where he was detained; and he has not received a bond hearing since then. (*Id.* at 2–4.) Petitioner seeks immediate release. (*Id.* at 8.) Also on May 5, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)

On May 6, 2026, respondent filed an opposition to the motion for temporary restraining order. (Doc. No. 5.) Therein, respondent argues that petitioner was *re*-detained on April 3, 2026

1

as a result of his violated his release conditions as evidenced by his conviction for unlawful possession of a firearm.  (*Id.* at 1; Doc. No. 5-1 at 4.)  Respondent further does not oppose the court ruling on the underlying petition based upon the present briefing.  (Doc. No. 5 at 1.)

This court has previously ruled that where, as here, "the petitioner has previously been released on his own recognizance, respondents claim petitioner was re-detained due to violations of the terms of his release, and yet petitioner has not been afforded a bond hearing to determine whether those violations render him a flight risk or danger, petitioner's due process rights have been violated and the appropriate remedy is the petitioner's immediate release." *Singh v. Warden*, No. 1:26-cv-02331-DAD-CKD, 2026 WL 905286, at *1 (E.D. Cal. Apr. 2, 2026). Accordingly, pursuant to the court's reasoning as stated in *Singh*, the court will grant the petition for writ of habeas corpus.

For the reasons explained above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED;

    a. Respondent is ORDERED to immediately release petitioner, A-File No. 206-149-853, from respondent's custody on the same conditions he was subject to immediately prior to his April 3, 2026 re-detention;

    b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot in light of this order granting his petition for habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Correctional Center; and

/////

/////

4.      The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated:    **May 15, 2026**

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES DISTRICT JUDGE